Filed 7/30/15  P. v. Blaney CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RESHAWN MONTEL BLANEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B259184<br>(Super. Ct. No. 2012026916)<br>(Ventura County) |

Appellant Reshawn Montel Blaney was convicted by jury of second degree robbery (Pen. Code, § 211;[1] count 1), second degree commercial burglary (§ 459; count 2) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3).  The jury found true the allegations in counts 1 and 2 that appellant personally used a firearm. (§§ 12022.5, subd. (a);[2] 12022.53, subd. (b).)  Based on the same facts, the trial court found appellant in violation of probation in an earlier felony case (No. 2011028438) and revoked his probation.

The trial court imposed the upper term of five years on count 1 (§ 213, subd. (a)(2)), plus 10 years consecutive on the section 12022.53, subdivision (b) firearm use enhancement, for a total prison term of 15 years.  The court sentenced appellant to the

---

[1] All statutory references are to the Penal Code.

[2] The information and abstract of judgment incorrectly state that this is a section 12022.5, subdivision (a)(1) enhancement.  We shall correctly refer to it as a section 12022.5, subdivision (a) enhancement.

upper term of three years on count 2, plus the midterm of four years on the section 12022.5, subdivision (a) firearm use enhancement, for a total term of seven years. It sentenced him to the upper term of three years on count 3, and stayed imposition of sentence on counts 2 and 3 pursuant to section 654. Appellant was awarded 862 days of presentence custody credit.

The trial court imposed the midterm of two years for the probation violation to run concurrent with the 15-year sentence imposed on count 1. Appellant was awarded an additional 210 days of presentence custody credit.

Appellant, who was wearing a red bandana over his mouth, approached Roger Hinojosa, an assistant manager at a Gamestop store, and demanded a PlayStation 3. When Hinojosa refused to comply, appellant showed him a handgun he had in a small black sports bag. Hinojosa could see the handle where the clip was located, the trigger and about 3/4 of the gun barrel. Believing the gun was real, Hinojosa complied with the demand. After Hinojosa turned over the PlayStation, appellant asked if there was any money in the registers. Hinojosa handed appellant approximately $170 in cash and called 911 as soon as appellant left. The store's video surveillance cameras recorded the incident.

Police officers apprehended appellant at a nearby condominium complex. They recovered the red bandana, the PlayStation and $174 in cash, but were unable to locate the gun or black bag. Appellant admitted stealing the PlayStation, but denied using a firearm and refused to say where the bag was located. Hinojosa subsequently identified appellant as the robber.

At trial, defense counsel conceded that appellant was guilty of second degree robbery and second degree commercial burglary, but argued the prosecution had failed to prove beyond a reasonable doubt that the gun appellant possessed at the time of the robbery was a real firearm as opposed to a replica gun. The jury heard Hinojosa's testimony and viewed the store's surveillance video. The trial court denied appellant's request to show Hinojosa photos of both real guns and replica guns, but did allow counsel to show him an actual replica gun.

2

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On May 27, 2015, we notified appellant that he had 30 days in which to advise us of any claims he wished us to consider.  We have received no response.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Lori E. Kantor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.